**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis MADRID, Defendant–Appellant.**

**No. 04–2675.**

United States Court of Appeals,
Seventh Circuit.

---

Submitted Jan. 13, 2005.*

Decided Jan. 19, 2005.

Andrew B. Baker, Jr., Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Michael J. Petro, Chicago, IL, for Defendant–Appellant.

Before EASTERBROOK, RIPPLE, and SYKES, Circuit Judges.

### Order

Luis Madrid and Juan Silva were convicted after a jury of conspiracy to distribute methamphetamine and several related charges. We reversed Silva's conviction after concluding that considerable hearsay evidence made the verdict unreliable. See *United States v. Silva*, 380 F.3d 1018 (7th Cir.2004). The prosecutor concedes that the same rationale should lead to the same disposition of Madrid's appeal, and we agree with that assessment.

Madrid contends that he is entitled to outright acquittal because, with the hearsay disregarded, the evidence would be insufficient. The double jeopardy clause then would foreclose a second trial. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). But the right question is whether the evidence actually admitted, properly or not, allowed a reasonable juror to find guilt beyond a reasonable doubt. Error in admitting evidence is the sort of trial mistake that permits a retrial following reversal. See *Lockhart v. Nelson*, 488 U.S. 33, 40–42, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). The evidence actually admitted at Madrid's trial supported a finding of guilt beyond a reasonable doubt, so the double jeopardy clause permits a second trial.

If Madrid should again be convicted, the district judge will take account of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, —— L.Ed.2d —— (2005), when imposing sentence. It would be premature for us to say more about sentencing.

REVERSED AND REMANDED.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).