In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 03-2068 & 04-1377

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*
*Cross-Appellee,*

*v.*

IVAN EBERHART,

*Defendant-Appellee,*
*Cross-Appellant.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 CR 946—**James B. Zagel**, *Judge.*

ARGUED OCTOBER 1, 2004—DECIDED JANUARY 10, 2006

Before FLAUM, *Chief Judge,* and BAUER and POSNER, *Circuit Judges.*

FLAUM, *Chief Judge.* Ivan Eberhart was convicted by a jury of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He subsequently moved for a new trial within the time limits of Federal Rule of Criminal Procedure 33. That motion alleged one error on which Eberhart believed a new trial should be granted. In a supplemental memorandum, filed after the Rule 33 deadline, Eberhart alleged two additional errors that he believed entitled him to a new trial. The government did not object to the timeliness of these two additional grounds. The

district court granted the motion for a new trial based on all three grounds. On appeal, the government argued that the district court lacked jurisdiction to consider the two grounds raised in the supplemental memorandum, since Rule 33's time limits had expired at the time that memorandum was filed. We agreed. *United States v. Eberhart*, 388 F.3d 1043, 1049-50 (7th Cir. 2004). The Supreme Court granted certiorari, and held that Rule 33's time requirements are non-jurisdictional claim processing rules, and may be forfeited if not properly contested in the district court. *Eberhart v. United States*, 546 U.S. ___, 126 S. Ct. 403 (2005) (per curiam). The Court remanded the case so that we might consider the government's appeal with the knowledge that the district court had jurisdiction to review all three claims absent a government objection.

We have considered all three grounds for a new trial that Eberhart proffered and find that none, either alone or in combination, provided a sufficient basis for the district court to grant a new trial. Accordingly, we reverse the district court's decision to grant a new trial.

## I. Background

What follows are the facts of this case that are relevant to our holding today. A more complete version of the facts may be found in our original panel decision, *United States v. Eberhart*, 388 F.3d 1043 (7th Cir. 2004), *rev'd,* 126 S.Ct. 403 (2005) (hereinafter *Eberhart I*).

On Dec. 16, 1998, Drug Enforcement Administration ("DEA") Task Force Officer Daniel Foley and DEA Agent Robert Glynn arrested Charles Bolden for distributing cocaine. After being arrested, Bolden agreed to help the DEA apprehend his drug source, whom he identified as "E." Officer Foley and Agent Glynn directed Bolden to telephone his source, order two kilograms of cocaine, and attempt to arrange an in-person meeting. Bolden then called Eberhart.

This phone conversation, like many others between the two, was recorded.

After several phone calls between Bolden and Eberhart, the two agreed to meet "where [they] met last time." As Eberhart was leaving this meeting, DEA agents arrested him. Although the agents did not discover drugs in Eberhart's possession, Eberhart confessed that he had been distributing between twenty and forty kilograms of cocaine per month, and that Bolden was one of his customers. Eberhart also described his source of drugs to the agents as a man named "Tommy." "Tommy" was never apprehended.

Eberhart was eventually charged and tried for conspiring to distribute cocaine and distributing cocaine. During the course of the trial, transcripts of phone calls between Bolden and Eberhart were introduced into evidence. The jury, however, was instructed that the transcripts were merely aids in interpreting the contents of the tape. Additionally, the district court, over defense counsel's objection, allowed the DEA agents to testify that Bolden had told them that his supplier's name was "E," and that the agents then instructed Bolden to call "E." The jury was instructed that this information was only being introduced to show the course of the investigation, and not for the truth of the statement.

On April 3, 2003, a jury convicted Eberhart of conspiring to distribute cocaine, but acquitted him of the distribution charge. On May 15, 2002, Eberhart moved for judgment of acquittal or, in the alternative, a new trial. Eberhart filed a supplemental memorandum in support of this motion on Oct. 30, 2002.

Although the original motion was timely, the October supplement was outside of the time limits set forth in Federal Rule of Criminal Procedure 33 for motions for a new trial. In his original motion, Eberhart stated only one ground for a new trial: that transcripts introduced into

evidence were inaccurate. In the supplement, he raised two additional grounds: (1) that agents were improperly allowed to testify that Bolden identified his supplier as "E" and (2) that the "buyer-seller" instruction had not been given to the jury. The government never objected to these two grounds' untimeliness.

The district court denied the motion for acquittal, but granted the motion for a new trial. Although the court acknowledged that no one of the claimed errors, or even any pair of them, would justify a new trial, the court ruled that the cumulative effect of all three justified a new trial.

The government appealed the case to this court. We ruled that the time requirements of Rule 33 were jurisdictional, and that the district court had lacked the power to hear those claims. We further ruled that the government's timeliness objection, because it involved subject matter jurisdiction, was not forfeited by the prosecution's failure to object in the district court. Additionally, we ruled that the one timely claim, regarding the transcripts, did not constitute error. Accordingly, we reversed the district court's decision to grant a new trial. *Eberhart I*.

The Supreme Court granted certiorari, and overturned our holding that the time limits of Rule 33 were jurisdictional. The Court ruled that the timing requirement was a mere claims processing rule. *Eberhart v. United States*, 126 S. Ct. 403, 405 (2005). In the absence of a timeliness objection, therefore, the district court had properly considered the two additional claims. The case was remanded to this court to substantively evaluate Eberhart's additional claims.

## II. Discussion

The district court stated that it was granting Eberhart's request for a new trial for three reasons: (1) DEA agents'

testimony that Bolden stated that his supplier was "E" should have been excluded; (2) the transcript of Bolden's taped phone conversations was inaccurate; and (3) no buyer-seller instruction was given to the jury. The district court stated in its opinion that "[t]aken by themselves, none of these concerns standing alone or in pairing would cause me to grant a new trial." All three combined, however, convinced the district court that a new trial was warranted.

In some cases, the cumulative harm of several errors may justify a new trial when a single error standing alone would not. In order for this case to fall into that category, however, each of the three errors must cause some degree of harm to accumulate, as the district court acknowledged.

In *Eberhart I*, we ruled that the potential transcript "error" was not an error at all. Therefore, it could not have caused a harm to Eberhart. We now reiterate what we stated in that opinion:

> Even if the transcript mistakenly quotes Eberhart as calling, *in haec verba*, for a "face to face" meeting, undisputed portions of the transcript make clear that the two men planned to meet in person. Eberhart's exact choice of words was immaterial to the government's closing argument—that defendant's plan to meet in person was consistent with the actions of a drug dealer trying to evade detection by law enforcement.

> Moreover, the district court instructed the jurors that: (i) the tape was evidence; (ii) the transcript was not evidence, but merely a guide to the contents of the tape; and (iii) in the event of a conflict between the two, the tape controlled. We presume that jurors follow instructions given them. This presumption is only overcome if there is an overwhelming probability that the jury was unable to follow the instruction as given. Eberhart offers no evidence to rebut this presumption.

*Eberhart I*, 388 F.3d at 1050 (internal quotation marks, citations, and footnotes omitted).

Similarly, the district court's admission of Bolden's statements was not an error and caused no harm to Eberhart. As the district court itself noted:

> It is true that Bolden told many different stories and admitted lying to the agents, but Eberhart, he said, was always the one who gave him drugs (on varying dates, in varying quantities, and at varying locations). There could have been no impeachment on the central point that Bolden named Eberhart as a supplier. Moreover, the prosecution relied on Bolden neither at trial nor in the investigation. His actions were always monitored by the agents. Furthermore, I do not recall any govern-ment witness or lawyer who said Bolden was reliable. It is difficult to believe, in light of the split verdict, that the jury thought much of Bolden. Bolden was not an accuser in the context of the case, and it was not in anyone's interest except Eberhart's to make him an accuser.

We agree with the district court's assessment. We further note that the court gave a thorough limiting instruction to the jury after the testimony, informing the jurors that they were not to consider Bolden's statement as truth, but only as an explanation of why the investigation proceeded as it did. This instruction addressed any potential hearsay harm from the testimony, and did not, as defense counsel claims, make the testimony seem like an underlying fact of the investigation. To rule otherwise would negate the course of investigation rule found in *United States v. Akinrinade,* 61 F.3d 1279, 1283 (7th Cir. 1995).

Moreover, even assuming that the jury improperly considered the evidence for its truth, the evidence was clearly cumulative, as Eberhart confessed to the agents that he was Bolden's supplier, and the jury heard that confes-sion.

On appeal, Eberhart further argued that this testimony violated his constitutional rights under the Confrontation Clause and the Due Process Clause. We now reaffirm our rejection of those arguments in *Eberhart I*:

> First, defendant asserts that the introduction of Bolden's statement violated his rights under the Confrontation Clause. . . . The Confrontation Clause "does not bar the use of testimonial statement for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington,* [124 S.Ct. 1354, 1369 n.9 (2004)]. The government, moreover, did not dwell on Bolden's statement. To the contrary, it was defense counsel who connected the dots, asserted that "E" meant Eberhart, and revisited the issue of Bolden's statement on cross-examination.
>
> Second, defendant contends that the government violated his Due Process rights by misrepresenting to the district court that Bolden was not peculiarly within its power to produce. Eberhart argues that the district court, based on this misinformation, denied his request for a missing witness instruction. Eberhart . . . fails to point out any misrepresentation made by the government.

*Eberhart I*, 388 F.3d at 1050-51.[1]

_____

[1]  This case does not, as Eberhart argues, fall under the precedent of *United States v. Silva,* 380 F.3d 1018 (7th Cir. 2004). In that case, the court ruled that the statements at issue could not have been relevant to any issue *other* than their truth. *Silva*, 380 F.3d at 1020. For example, the court had admitted a police officer's statement that a green substance found in the defendant's car "later tested positive for cannabis," even though the defendant was not charged with an offense related to marijuana, and the officer had no firsthand knowledge of the test results. In this case, however, Bolden's statements about "E" helped the jury to understand why Bolden was asked to call "E." This background

(continued...)

Finally, omitting the buyer-seller instruction was not error, "A defendant is only entitled to a buyer-seller instruction if it is supported by evidence produced at trial." *United States v. Fort*, 998 F.2d 542, 547 (7th Cir. 1993). If an instruction is inconsistent with the defense's theory of the case, it is inappropriate. *Id.*

Eberhart defended the conspiracy charge by arguing that he had a legitimate business relationship with Bolden, that he was elsewhere on the date of the alleged drug transaction, and that he was not involved in drug sales in any way. Eberhart did not argue that he should be acquitted because he and Bolden had a mere buyer-seller relationship. Because the instruction is inconsistent with Eberhart's theory of the case, the district court was correct in omitting it. Moreover, the defense did not request the instruction.

Eberhart argues in his Rule 54 statement following remand that the district court intimated at sentencing that it believed that other errors occurred at his trial. Any such alleged errors were not properly preserved and raised on appeal, and hence we may not consider them.

While recognizing that the district court had jurisdiction to hear the three preserved claims of error, we remain unable to affirm the district court's decision to grant a new trial. In our judgment, none of the claims, whether view individually or collectively, warranted the district

---

[1] (...continued)

gave context to the recorded phone conversation that the jury heard. Moreover, the prosecutor in *Silva* used the statements during closing arguments as substantive evidence of the defendant's guilt, and the district court essentially abrogated its own limiting instruction following the defense's objection. *Id.* at 1021. Nothing of the sort happened here. The two cases are clearly distinguishable.

court's action. Hence, we hold that the grant constituted an abuse of discretion.

### III.  Conclusion

The district court's grant of a new trial is hereby RE-VERSED.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*