In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-1007

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT A. KUZLIK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 05 CR 50032—**Philip G. Reinhard**, *Judge.*

SUBMITTED NOVEMBER 2, 2006—DECIDED NOVEMBER 20, 2006[1]

Before BAUER, RIPPLE, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* A jury convicted Robert Kuzlik of eight counts of mail fraud in violation of 18 U.S.C. § 1341. On appeal, Kuzlik argues that the district court abused its discretion in admitting evidence at trial pertaining to

[1]  This case was set for oral argument on November 2, 2006. On November 1, 2006, we granted Kuzlik's emergency motion for extension of the date for oral argument pursuant to Local Rule 34(e). Upon further review of the issue presented, we have determined that oral argument is unnecessary and will decide the appeal on the parties' briefs.

Kuzlik's financial well-being, or lack thereof, as evidence of his motive to commit the fraud with which he was charged. He requests that we remand this case to the district court for a new trial. We affirm Kuzlik's conviction.

## I. Background

A federal grand jury returned an eight-count indictment against Kuzlik on March 29, 2005. The indictment charged Kuzlik with devising and participating in a scheme to defraud Hummingbird Growth, Inc. ("Hummingbird") and to obtain its property by means of materially false and fraudulent pretenses, representations, and promises. Specifically, the indictment alleged that Kuzlik embezzled $44,246.44 from Hummingbird, a client of his bookkeeping and tax service business, RAK Enterprises, Inc. ("RAK"), by depositing Hummingbird's tax deposit checks into RAK's bank account rather than the bank's trust account. Each of the eight counts also charged Kuzlik with mail fraud.

Prior to trial, the government filed a Notice of Rule 404(b) Evidence and supporting memorandum, stating its intention to offer specific information and acts relating to Kuzlik's financial condition before and during the execution of the alleged fraudulent scheme. Pursuant to Federal Rules of Evidence 401, 402, and 403, Kuzlik moved *in limine* to exclude evidence of his prior criminal convictions and evidence relating to his allegedly improper attainment of credit from various banks and credit card companies, as well as any misstatements of his financial condition to other organizations. The government also filed a Supplemental Notice of Rule 404(b) Evidence relating to additional evidence of Kuzlik's financial condition that it intended to offer.

At the pretrial hearing, the district court ruled that evidence of Kuzlik's debts, his debt defaults, and his bank

account overdrafts during the relevant period was admissible because it showed his motive for engaging in the fraudulent scheme. Such evidence included Kuzlik's defaults on his home mortgage payments and related foreclosure proceedings; a default judgment against Kuzlik in McHenry County, Illinois; his failure to pay real estate taxes for tax years 1998 and 1999 and a related tax sale; his defaults on his student loan payments; his defaults on payments of more than $17,000 in credit card debt; an unpaid Waste Management bill; a bill from Kyler Excavation that was reduced to a default judgment; a judgment against Kuzlik in Kane County in the amount of $29,461; his overdrafts from his and RAK's bank accounts; and his default on a $15,000 promissory note. In allowing the government to introduce this evidence, the district court determined that the probative value of such evidence was not outweighed by the danger of unfair prejudice.

The jury found Kuzlik guilty on all eight counts in the indictment. Kuzlik subsequently filed a motion for a new trial, arguing, in part, that he was denied a fair trial due to the district court's error in allowing the government to introduce evidence of his financial condition. After denying Kuzlik's motion for a new trial, the district court sentenced him to 30 months imprisonment, followed by three years of supervised release, and ordered him to pay $44,246.44 in restitution. Kuzlik then filed this timely appeal.

## II.  Discussion

Kuzlik challenges the district court's admission of evidence relating to his financial condition. The district court admitted evidence of Kuzlik's financial condition under Federal Rule of Evidence 404(b) for the purpose of showing Kuzlik's motive for engaging in the fraudulent scheme. We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Thomas*, 453 F.3d 838, 845

(7th Cir. 2006). We will reverse an evidentiary ruling only where no reasonable person would agree with the decision made by the trial court. *Id.*

Generally, evidence of a defendant's other acts, wrongful or otherwise, is inadmissible if the purpose of such evidence is to show the defendant's propensity to commit a crime or to show that he or she acted in conformity with that propensity on the occasion in question. *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006); Fed. R. Evid. 404(b). Such evidence is admissible, however, if it is offered to establish proof of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *id.*, providing that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Bursey*, 85 F.3d 293, 296 (7th Cir. 1996) (citations omitted).

Kuzlik's appeal only challenges the district court's ruling on the evidence's probative value and potentially prejudicial effect. He argues that the district court abused its discretion in admitting evidence of his financial condition because its probative value was substantially outweighed by the danger of unfair prejudice. Because the seminal issue for the jury was his state of mind, Kuzlik argues, the jury was unable to appreciate the "extremely fine distinction" between propensity and motive. As a result, he contends that the jury was confused and misled by the evidence of his financial condition. We disagree.

There was no danger of juror confusion in this case because there is no overlap between evidence of Kuzlik's motive to commit fraud and his propensity to commit fraud. *See United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996) (explaining that propensity evidence and motive evidence need not overlap when, for example, past drug convictions are used to show that a defendant in a robbery

case is an addict and his addiction is offered as the motive for his robbery). The sorry state of Kuzlik's finances, his debts, default judgments, and bank overdrafts, was offered as evidence of his motive to embezzle the $44,246.44, not as evidence that Kuzlik had a taste or compulsion for financial fraud. *See id.* (explaining that propensity evidence and motive evidence overlap when the crime is motivated by a taste for engaging in the crime or a compulsion to engage in the crime, like an addiction, rather than for some other advantage to which the crime is instrumental). *See also United States v. Bardsley*, 884 F.2d 1024, 1027-28 (7th Cir. 1989) (returned checks properly admitted under Rule 404(b) as evidence of defendant's motive to commit offense because it showed that he was having financial problems).

Moreover, the district court cured even the remote potential for unfair prejudice by instructing the jury that evidence of Kuzlik's debts and other acts was to be considered only for the purpose of establishing his motive to commit the crime, and we presume that the jurors followed this instruction. *See United States v. Eberhart*, 434 F.3d 935, 938-39 (7th Cir. 2006). The district court properly admitted evidence of Kuzlik's financial problems as evidence of his motive to commit the fraud with which he was charged.

### III. Conclusion

For the foregoing reasons, we AFFIRM Kuzlik's conviction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*