In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2799

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM DENNIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 267—**John W. Darrah**, *Judge.*

ARGUED MARCH 30, 2007—DECIDED AUGUST 16, 2007

Before EASTERBROOK, *Chief Judge*, and BAUER and
WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge*. William Dennis was convicted
of conspiring with David Cruz between March 21 and 22,
2005 to violate federal firearms laws, in violation of 18
U.S.C. § 371. In this appeal, Dennis contends that the
district court improperly admitted evidence of the fact
that he had accompanied Cruz on a gun-trafficking trip
in November of 2004. For the following reasons, we
affirm Dennis' conviction.

## I. Background

In the fall of 2004, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began investigating Cruz, a convicted felon, after receiving information from a confidential informant ("CI") that Cruz was trafficking firearms from Tennessee to Illinois. The ATF, with help from the CI, introduced Special Agent Christopher Labno to Cruz as a prospective firearms customer. Labno claimed to be a drug trafficker who needed to acquire guns to protect his drug-trafficking business. In November of 2004, Cruz, Dennis, and the CI traveled from Illinois to Tennessee where Cruz acquired two firearms for Labno.

On March 3, 2005, Cruz contacted Labno and stated that he could acquire additional firearms. He told Labno that he planned to travel to Tennessee via train or bus with Dennis, who would help carry the guns back to Illinois. Labno agreed to purchase train tickets for both Cruz and Dennis and to drive them to the train station on the day of their planned departure.

On March 22, 2005, Labno picked up Cruz and Dennis at their home. A hidden video camera located in the car recorded the men as they traveled to the station. During the drive, Cruz and Dennis discussed the arrangements they had made with their relatives in Tennessee, the types of firearms that they were going to obtain, and their plan to carry the guns back to Illinois taped to their chests. Before arriving at the station, Labno paid Cruz $3,000 to purchase and transport the guns, paid Dennis $100 for assisting Cruz, and gave both men their train tickets. Once they arrived at the train station, ATF agents surrounded Labno's car and arrested both Cruz and Dennis.

Following his arrest, Dennis waived his *Miranda* rights. He admitted to Labno and ATF Task Force Officer Matthew Gainer that he had agreed to travel to Tennessee

with Cruz to purchase firearms and to transport the guns back to Illinois. He also acknowledged that he believed Special Agent Labno was a drug dealer. He further stated that had he not been arrested, he would have boarded the train, traveled to Tennessee, and helped Cruz purchase and transport the firearms.

Dennis also admitted that he had traveled with Cruz and the CI to Tennessee in November of 2004, knowing that the trip's purpose was to acquire firearms for an individual to whom Cruz had sold weapons previously. He explained that he had traveled with Cruz and the CI on the November trip because he had a valid driver's license, unlike Cruz and the CI.

On June 9, 2005, Dennis was charged in count one of a twelve-count indictment with conspiring with Cruz to violate federal firearms laws. Dennis denied his guilt and proceeded to trial.

Prior to trial, the government moved *in limine* to introduce evidence of Dennis' presence during Cruz's November 2004 gun-trafficking trip to Tennessee, arguing that the evidence was intricately related to the charged crime, or in the alternative, admissible under Federal Rule of Evidence 404(b). Dennis challenged the motion, claiming that there was no evidence that Dennis had any role in acquiring, transporting, or selling guns in November of 2004. The defendant argued that absent any evidence of wrongdoing, Dennis' mere appearance on the November trip failed to demonstrate Dennis' intent to participate in the unlawful purpose of the March 2005 trip or to prove any element of the charged conspiracy.

In response to the parties' arguments, the district court ruled that it would preclude the government from introducing evidence of Dennis' role in the November 2004 gun-trafficking trip because it was not intricately related to the charged conspiracy, was not admissible under Rule

404(b), and was unfairly prejudicial under Federal Rule of Evidence 403. However, the district court indicated that the government could introduce Dennis' post-arrest statements at trial as admissions under Federal Rule of Evidence 801(d)(2)(A). The district court explained that it would limit the admission of Dennis' post-arrest statements to those that provided context for the proposed 2005 trip.

During his opening statement, Dennis' counsel told the jury that Dennis lacked the requisite intent necessary to be convicted of the charged conspiracy. He explained that on the night before their arrest, Dennis and Cruz agreed not to travel to Tennessee to purchase guns for Labno but instead to steal Labno's money. After opening statements, the government asked the district court to revisit its Rule 404(b) ruling. The district court indicated that if Dennis presented his defense on the issue of intent, the government might be allowed to introduce the evidence of the November 2004 trip in rebuttal.

When the government first attempted to illicit testimony from Labno concerning Dennis' post-arrest statements relating to the November 2004 trip, the judge intervened to limit the government's inquiry. The district court stated that it would allow testimony indicating that Dennis had accompanied Cruz on the November 2004 trip but would not allow testimony suggesting that Dennis knew the full ramifications of the trip. After Dennis' counsel indicated to the district court that Dennis would be testifying that he and Cruz had decided to steal Labno's money rather than traveling to Tennessee to purchase the guns, the district court allowed the government to present the evidence of the November 2004 gun-trafficking trip.

On March 15, 2006, a jury found Dennis guilty. The district court sentenced Dennis to 60 months' imprisonment, and he now appeals.

## II. Discussion

Dennis contends that the district court erred by admitting the evidence of the November 2004 gun-trafficking trip to Tennessee. We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Kuzlik*, 468 F.3d 972, 974 (7th Cir. 2006).

Rule 404(b) provides that evidence of prior crimes, wrongs, or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," but not to prove a defendant's character in order to show he acted in conformity with the charged offense. FED. R. EVID. 404(b). We use a four-pronged test to determine whether evidence of prior acts should be excluded pursuant to Rule 404(b) and will find no error if:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Sebolt*, 460 F.3d 910, 916 (7th Cir. 2006).

Dennis contends that his trip to Tennessee in November of 2004 did not establish a matter in issue other than his propensity to commit the charged conspiracy. We disagree. After Dennis' counsel indicated that Dennis would testify that he had no intention to participate in the charged conspiracy but instead intended to commit a different crime (stealing Labno's money), his intent was at issue. Following his arrest, Dennis admitted that he had traveled with Cruz to Tennessee in November of 2004

because he had a valid driver's license and would be able to drive Cruz around during the trip. Evidence that Dennis had agreed to travel with Cruz to Tennessee in the past with intent to assist Cruz during the gun-trafficking trip is relevant to show that he did not enter into the gun-trafficking agreement with Cruz in March 2005, planning to steal Labno's money. In addition to demonstrating intent, the proof of the November 2004 trip also demonstrates that Dennis and Cruz had a preexisting plan and the opportunity to acquire weapons in Tennessee in March of 2005.

Dennis next contends that the admitted evidence was not sufficiently similar to the charged crime to be relevant because the government could not prove that he had assisted Cruz in acquiring, transporting or selling the firearms in November of 2004. Rule 404(b) does not exclude evidence of "other acts" that are not criminal. *See United States v. Krohn*, 560 F.2d 293, 296 (7th Cir. 1977). "[W]hen evidence is offered to prove intent, the degree of similarity is relevant only insofar as the acts are sufficiently alike to support an inference of criminal intent." *United States v. Lloyd*, 71 F.3d 1256, 1265 (7th Cir. 1995) (citation omitted). Dennis' post-arrest admissions that he knew of the illicit purpose of the November 2004 trip and that he had traveled with Cruz to Tennessee because he had a valid driver's license contradicts his claim that he did not assist Cruz during the gun-trafficking trip. The district court reasoned, and we agree, that this conduct suggests an agreement between Dennis and Cruz that is similar and relevant to the charged conspiracy.

Finally, the fourth prong of the Rule 404(b) test subjects the proposed evidence to the balancing requirement in Rule 403, which requires a trial court to balance the probative value of proposed evidence against the risk that the evidence will be unfairly prejudicial. "Rule 403 was never intended to exclude relevant evidence simply because it is detrimental to one party's case; rather, the

relevant inquiry is whether any unfair prejudice from the evidence substantially outweighs its probative value." *Lloyd*, 71 F.3d at 1265 (internal quotation and citation omitted). Dennis argues that the admission of his post-arrest statements regarding the November 2004 trip created an unfair risk that the jury would (1) find Dennis guilty because of his association with Cruz or (2) assume that Dennis had trafficked guns before and therefore was likely to do it again. He also argues that the court erred in allowing the evidence of the November 2004 trip because it initially found the evidence to be substantially more prejudicial than probative.

The district court initially excluded the evidence of the November 2004 trip pursuant to Rule 404(b). However, this ruling occurred before the district court learned that Dennis was contesting his intent. After Dennis denied his intent to commit the charged offense, the probative value of the evidence of the gun-trafficking trip increased and was no longer substantially outweighed by unfair prejudice. The district court then reassessed its initial ruling and determined that the evidence in question should not be excluded by Rule 404(b) because it was now being offered to show Dennis' intent to commit the charged offense. The district court also mitigated any risk of prejudice by instructing the jury to consider evidence of Dennis' uncharged conduct only on the question of his knowledge, opportunity, plan, and intent, and we presume that the jurors followed this limiting instruction. *See Kuzlik*, 468 F.3d at 975. Because Rule 404(b) does not exclude the evidence of the November 2004 trip, we find that the district court did not abuse its discretion in admitting the evidence.[1]

---

[1] Dennis also argues that the district court erred in admitting his post-arrest statements as party admissions after determining that the evidence of the November 2004 trip was unfairly

(continued...)

Even had we found error, we still would affirm Dennis'
conviction. "Error in admitting Rule 404(b) evidence may
be deemed harmless 'if we are convinced that the error did
not influence the jury, or had but very slight effect, and
can say with fair assurance . . . that the judgment was
not substantially swayed by the error.'" *United States v.
Torres*, 977 F.2d 321, 328 (7th Cir. 1992) (*quoting United
States v. Shackleford*, 738 F.2d 776, 783 (7th Cir. 1984)).

The government presented overwhelming evidence of
Dennis' guilt. The evidence presented by the government
at trial included recorded conversations between Labno
and Cruz in which Cruz identified Dennis as his co-
conspirator in the planned March 2005 gun-trafficking
trip; a recorded videotape of Labno driving Dennis and
Cruz to the train station on March 22, 2005 in which
Dennis and Cruz accepted payment, accepted train tickets
to Tennessee, and discussed their plan to transport the
guns back to Illinois taped to their chests; and testimony
from Labno and Officer Gainer regarding Dennis' post-
arrest statement in which he told the agents that had he
not been arrested, he would have boarded the train,

---

[1] (...continued)
prejudicial. Federal Rule of Evidence 801(d)(2)(A) provides that
a party's own statement, when offered against him, is not
hearsay. *See* FED. R. EVID. 801. Here, Dennis' post-arrest
statements are not hearsay and therefore not excluded by
Federal Rule of Evidence 802. However, such statements may
still be excluded by other Federal Rules of Evidence. *See Aliotta
v. AMTRAK*, 315 F.3d 756, 763 (7th Cir. 2003) (noting that
even if evidence is not hearsay, courts are still constrained by
Rule 403). The district court admitted Dennis' post-arrest
statements at trial only after the probative value of the evid-
ence of the November 2004 trip had increased and the evidence
was no longer unfairly prejudicial. Thus, the district court
did not abuse its discretion in admitting Dennis' post-arrest
statements.

traveled to Tennessee, and helped Cruz acquire and transport firearms for Labno. This evidence undermined Dennis' defense that he intended to steal Labno's money rather than participate in the charged gun-trafficking conspiracy. We are convinced that the jury's decision would have been no different had the evidence in question been excluded. Therefore, any error in admitting the evidence would have been harmless.

## III.  Conclusion

For the foregoing reasons, we AFFIRM Dennis' conviction.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*