NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011
Decided February 17, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2976

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 06 CR 12 |
| AJIBOYE ADEYINKA, | |
|     *Defendant-Appellant.* | Matthew F. Kennelly, |
| | *Judge.* |

**O R D E R**

Ajiboye Adeyinka was convicted of conspiracy to possess cocaine with intent to distribute 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute, *id*. § 841(a)(1). The district court calculated a guidelines imprisonment range of 78 to 97 months and sentenced Adeyinka to a total of 97 months. Adeyinka filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Adeyinka opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Adeyinka's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Adeyinka could argue that the trial evidence does not support his convictions. To convict on the substantive count, the government had to prove that Adeyinka knowingly possessed cocaine for distribution. *See* 21 U.S.C. § 841(a)(1); *United States v. Starks*, 309 F.3d 1017, 1022 (7th Cir. 2002). To convict Adeyinka on the conspiracy count, the government needed to prove that there was an agreement to possess and distribute cocaine, and that each defendant joined the agreement knowingly and intentionally. *See* 21 U.S.C. §§ 846, 841(a)(1); *United States v. Medina*, 430 F.3d 869, 881 (7th Cir. 2005).

We agree with counsel that a sufficiency challenge would be frivolous. The government introduced audio and video recordings of a meeting between an informant and codefendant Adesola Ayoola where they agreed that the informant would ingest cocaine pellets and smuggle them to London for distribution. Alooya told the informant that he would arrange for someone to deliver the cocaine along with food and medicine that would help him ingest the pellets. At the appointed time Adeyinka delivered a bag of cocaine pellets, lemons, salt, and antidiarrheal medication to the informant at his hotel. During the encounter, which was captured on audio and video and observed by surveillance agents, Adeyinka arrived at the informant's hotel room, told him he had some things for him in his car, and together they called Ayoola to confirm that Adeyinka was supposed to deliver the package to the informant. Investigators then observed Adeyinka and the informant return to his car to retrieve the package and Adeyinka driving evasively on his return home. After he was arrested and again at trial, Adeyinka denied involvement in the conspiracy and explained that, in exchange for a $2,000 loan, he had agreed to deliver lemons and salt to someone who urgently needed them. A federal agent also explained how cocaine sometimes is smuggled into the United States and then on to London where it commands a higher price. The agent related that ingesting cocaine pellets is one way that couriers smuggle the drug, and he discussed how the quantity and purity of cocaine varies at different stages of the distribution chain.

Counsel next considers whether Adeyinka could challenge the admission of the agent's testimony about the distribution of cocaine. Over a relevancy objection, the agent was permitted to offer an expert opinion that the quantity and purity of the cocaine delivered by Adeyinka—700 grams of 98% purity—were consistent with distribution rather than personal use. The district court reasoned that the testimony was relevant because the government had to prove intent to distribute. Law enforcement agents routinely testify about the mechanics of the drug trade, and expert testimony is an accepted method of proving intent to distribute. *See, e.g.*, *United States v. Huddleston*, 593 F.3d 596, 601 (7th Cir. 2010); *United States v. Winbush*, 580 F.3d 503, 510-11 (7th Cir. 2009); *United States v. Morris*, 576 F.3d 661, 673-674 (7th Cir. 2009). Given that we would review for abuse of discretion,

*see United States v. Klebig*, 600 F.3d 700, 715 (7th Cir. 2009), counsel is correct that an appeal on this basis would be frivolous.

Counsel also evaluates whether Adeyinka might argue that it was error to admit the recordings of his and Ayoola's conversations with the informant, who did not testify at trial. But Adeyinka's recorded statements were nonhearsay admissions, *see* FED R. EVID. 801(d)(2)(A); *United States v. Dennis*, 497 F.3d 765, 769 n.1 (7th Cir. 2007), and Ayoola's were nonhearsay statements of a coconspirator, *see* FED R. EVID. 801(d)(2)(E); *United States v. Hargrove*, 508 F.3d 445, 449 (7th Cir. 2007). And the absence of the informant was inconsequential, since his side of the conversations was properly admitted as nonhearsay background to give context to the recorded statements of Adeyinka and Ayoola. *See United States v. James*, 487 F.3d 518, 524 (7th Cir. 2007); *United States v. Van Sach*, 458 F.3d 694, 701 (7th Cir. 2006); *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006). The recordings captured the planning and execution of Adeyinka's cocaine delivery, and we agree with counsel that an appellate challenge to their admission would be frivolous.

Another potential issue discussed by counsel is the use of an "ostrich instruction" in the jury charge. The district court, responding to Adeyinka's trial testimony that he did not know what was in the bag he delivered to the informant, instructed the jurors that they could "infer knowledge from a combination of suspicion and deliberate indifference to the truth" and might conclude that Adeyinka acted knowingly if they found that he "had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet deliberately shut his eyes for fear of what he would learn." Adeyinka had argued that this instruction, which is drawn from the pattern language, *see* Seventh Circuit Pattern Jury Instruction 4.06, would allow the jury to convict him based on negligent conduct. But we have approved the use of indistinguishable instructions many times, *see, e.g., United States v. Garcia*, 580 F.3d 528, 536-37 (7th Cir. 2009); *United States v. Leahy*, 464 F.3d 773, 796 (7th Cir. 2006); *United States v. Jaffe*, 387 F.3d 677, 681 (7th Cir. 2004), and given Adeyinka's preposterous story, it would be frivolous to contest the use of the instruction in this case.

Adeyinka also objected that the district court's intent instruction undermined the government's burden of proof by allowing the jury to infer intent to distribute "from the possession of a quantity of a controlled substance larger than needed for personal use." Counsel notes that challenging the instruction would be frivolous because possession of a quantity of drugs larger than needed for personal use can support a conviction for possession with intent to distribute, *see United States v. Smith*, 34 F.3d 514, 523 (7th Cir. 1994), and the government introduced evidence that Adeyinka delivered a quantity of drugs larger than needed for personal use.

Counsel next considers whether Adeyinka could challenge the calculation of his imprisonment range. The district court set a base offense level of 26 because Adeyinka had delivered more than 700 grams of cocaine, U.S.S.G. § 2D1.1(c)(7), and added 2 levels for obstruction of justice under U.S.S.G. § 3C1.1 because he fled to Canada before sentencing and remained a fugitive for 3 years. Adeyinka argued that he went to Canada to be with his children and thus the increase should be limited to 1 level. The district judge did not believe this explanation, but it would not have mattered because the guidelines range, although no longer binding, must still be calculated correctly, *see Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Aljabari*, 626 F.3d 940, 950 (7th Cir. 2010), and when a sentencing court finds that obstruction occurred, a 2-level increase is required, not optional, *see United States v. Gilleylen*, 81 F.3d 70, 72 (7th Cir. 1996). Adeyinka does not deny that he fled to Canada instead of attending his sentencing hearing. We agree with counsel that it would be frivolous to argue that the adjustment was unwarranted.

Adeyinka asserts, in his Rule 51(b) response, that the increase for obstruction of justice is prohibited by the extradition treaty between the United States and Canada. This treaty mandates that he can be punished only for the crimes for which he was extradited. *See* Treaty on Extradition, U.S.-Can., art. 12(1), Dec. 3, 1971, 27 U.S.T. 983. Our sister circuits have analyzed similar restrictions in other extradition treaties and concluded that relying on relevant conduct to determine an appropriate sentence does not constitute punishment for a separate offense. *See, e.g.*, *United States v. Lomeli*, 596 F.3d 496, 500-03 (8th Cir. 2010); *United States v. Robinson*, 503 F.3d 522, 530 (6th Cir. 2007); *United States v. Garrido-Santana*, 360 F.3d 565, 578 (6th Cir. 2004); *United States v. Lazarevich*, 147 F.3d 1061, 1063-64 (9th Cir. 1998). It would thus be frivolous to argue that this upward adjustment violates the extradition treaty with Canada.

Finally, counsel considers whether Adeyinka could challenge the reasonableness of his prison sentence. The total term of 97 months is within the guidelines range, and counsel cannot identify any reason that the presumption of reasonableness applicable to a sentence within the guidelines range should not apply in this case. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). In evaluating the sentencing factors in 18 U.S.C. § 3553(a), the district court considered the letters from family members Adeyinka offered in mitigation and his argument that he should receive a shorter sentence because of his poor health. But the judge also noted that Adeyinka had perjured himself at trial, had absconded before sentencing and continued his criminal conduct during his three years as a fugitive, and showed little remorse for his actions. We would not conclude that the court abused its discretion in sentencing Adeyinka at the top of the guidelines range, and thus counsel is correct that any challenge to the reasonableness of the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.