# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-2425

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSE VALLEJO,

*Defendant-Appellant.*

———————

**Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 432—David H. Coar**, *Judge.*

———————

ARGUED MAY 21, 2004—DECIDED JUNE 29, 2004

———————

Before BAUER, KANNE, **and** DIANE P. WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* On December 19, 2003 Jose Vallejo was convicted of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and found to be an "Armed Career Criminal" as defined in 18 U.S.C. § 924(e). During the sentencing process Vallejo received an enhancement under U.S.S.G. § 4B1.4(b)(3)(A) for possessing the firearms in connection with crimes of violence. He was ultimately sentenced to a term of 262

months' imprisonment. Vallejo appeals numerous aspects of his sentencing; we affirm the holdings of the district court.

## Background

Vallejo's convictions arise from two incidents occurring on August 24 and 31, 2001 in Chicago, Illinois. The incidents, briefly, are as follows. On August 24, Vallejo— together with several others—followed Anthony Ocasio as he left work. Ocasio drove to the home of Julio Ortiz, where a confrontation erupted. Vallejo pointed his gun at Ocasio's friend, Ortiz, and hit Ocasio in the jaw with his gun; he also broke the windshield of Ocasio's car. Vallejo fired one shot in the air as he was leaving. Ocasio and Ortiz called 911 and described the incident to the responding officer.

On August 31, Samira Jahovic and Marco Guardiola were out walking with their two young children. Vallejo was in his car with two other men; as they drove past Vallejo shouted threats at the family while brandishing his gun. Jahovic called the police and relayed information concerning Vallejo's car and license plate. Shortly thereafter officers pulled over Vallejo; a subsequent search of his car revealed two .9mm semiautomatic firearms.

On December 19, 2003 a jury found Vallejo guilty of two counts of being a felon in possession of a firearm. The district court judge also found that Vallejo was in violation of the Armed Career Criminal Act ("the ACCA") on the basis of his prior convictions for armed robbery. During his sentencing, the judge applied an enhancement to Vallejo's sentence for possessing the firearms in connection with crimes of violence (the assaults described above). In all, Vallejo was sentenced to serve 262 months' imprisonment.

## Discussion

Vallejo does not contest the facts on appeal, rather he takes issue with several aspects of the steps taken by the district court in arriving at his sentence of 262 months in prison.

### I.   U.S.S.G. §§ 4B1.4(b)(3)(A) and (c)(2) and Uncharged Conduct

Vallejo first asserts that the district court improperly based his sentence enhancement under U.S.S.G. §§ 4B1.4(b)(3)(A) and (c)(2) on conduct that was not charged in the indictment, resulting in a significantly higher sentence than he would have otherwise received. We review the district court's decision on this question de novo. *United States v. Larkin*, 171 F.3d 556, 558 (7th Cir. 1999).

United States Sentencing Guidelines § 4B1.4(b)(3)(A) provides that the defendant's offense level will be increased to 34 if, "the defendant used or possessed the firearm . . . in connection with . . . a crime of violence." The Sentencing Guidelines go on to describe a "crime of violence" as, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). In this case, Vallejo's actions on August 24 and 31 constituted aggravated assaults under Illinois law. 720 ILL. COMP. STAT. 5/12-2 (1993). Vallejo points out that he was not actually charged with the crime of assault.

The Sentencing Guidelines provide direction for what conduct should be considered when applying the different enhancements. Vallejo cites to our 1996 decision in *United States v. Talbott*, 78 F.3d 1183, 1189-90 for the proposition that a court must consider only charged conduct when applying the enhancement for possession of a firearm in

connection with a crime of violence. We decline to consider the impact of *Talbott* in this case. After *Talbott* was issued, the relevant provisions of U.S.S.G. § 4B1.2 were amended. Pertinent to Vallejo's particular enhancement, the 1995 version of the Sentencing Guidelines, Application Note 2 to U.S.S.G. § 4B1.2 had explicitly directed: "Under this section, the conduct of which the defendant was convicted is the focus of the inquiry." Our decision in *Talbott* relied heavily on that language; post-*Talbott*, that sentence was removed and it has not since been replaced with any language. Application Note 6 to U.S.S.G. § 1B1.3 sheds light on the effect of this alteration; it directs that, when a judge considers "relevant conduct" for sentencing purposes: "A particular guideline . . . may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute . . . . Unless such an express direction is included, conviction under the statute is not required*." Cf. United States v. Rutledge*, 33 F.3d 671, 673-74 (6th Cir. 1994) (upholding enhancement for possession of a firearm in connection with a crime of violence when defendant was not charged with assault; citing to Application Note 6 to § 1B1.3 as support for its interpretation of the guidelines).

With this direction in mind, we consider U.S.S.G. § 4B1.2. Application Note 1 to this section, as it currently reads, categorizes types of behavior falling within the parameters of "crimes of violence," thus meriting the enhancement:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if
>
> > (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted

> involved use of explosives . . . or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 Application Note 1.

The Application Note is sufficiently straightforward. In the first sentence, aggravated assault—Vallejo's conduct—is specifically enumerated as a crime of violence. The Note then goes on to list "other offenses" that constitute crimes of violence where it discusses some types of charged conduct. Because the Application Note does not specify that aggravated assault needs to be charged, it is reasonable—in light of Application Note 6 to U.S.S.G. § 1B1.3—to conclude it need not be charged. We hold it was not error for the district court to consider Vallejo's actions on August 24 and 31 in determining his sentence.

## II. Related Convictions for Purposes of Determining Criminal History

Prior to the events that gave rise to this case, Vallejo had been convicted of five armed robberies, all committed in November 1994. In determining his sentence, the judge added three criminal history points for each conviction, pursuant to U.S.S.G. §§ 4A1.1(a) and 2(a)(2). Vallejo argues that the crimes should have been consolidated for determining criminal history points. Consolidation of the crimes—Vallejo correctly points out—would have resulted in fewer added criminal history points. We review the district court's determination for clear error. *United States v. Buford*, 201 F.3d 937, 942 (7th Cir. 2000).

Normally, cases are considered consolidated if there is a formal order consolidating them. That did not happen here. In the alternative, cases may be consolidated if a defendant can show "functional consolidation." Functional consolidation occurs when there is "a record that shows the

sentencing court considered the cases sufficiently related for consolidation and effectively entered one sentence for multiple convictions." *United States v. Russell*, 2 F.3d 200, 203-04 (7th Cir. 1993). The burden is on the defendant to make such a showing. *United States v. Stalbaum*, 63 F.3d 537, 539 (7th Cir. 1995).

Vallejo argues that because sentencing on the cases occurred on the same day, and because he was ordered to serve concurrent sentences, they were functionally consolidated. While this may have presented a close case at the district court level, when reviewing for clear error we have no difficulty affirming the award of separate criminal history points. We have previously held that an award of concurrent sentences on the same day may not be sufficient to show "functional consolidation." *Russell*, 2 F.3d at 204. Here, each case had a different docket number; the judge consistently referred to the cases as separate and distinct rather than lumping them together; sentencing orders were entered separately for each case. It appears that administrative convenience was the impetus for sentencing Vallejo's robberies on the same day and not a judicial desire to functionally consolidate the charges. This is enough to support the district court's finding that the cases were not functionally consolidated.

## III. *Apprendi* Arguments

Vallejo next raises arguments concerning the propriety of his sentencing under the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, he complains that both the ACCA and his enhancement under U.S.S.G. § 4B1.4 do not satisfy *Apprendi* requirements that a jury determine the relevant facts. We review constitutional challenges to the statutes de novo. *United States v. Schaffner*, 258 F.3d 675, 678 (7th Cir. 2001).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In finding a violation of the ACCA, the district court judge determined the fact of Vallejo's prior convictions for armed robbery. Similarly, under the Sentencing Guidelines, the judge determined the fact of possession of a firearm in connection with a violent crime. These determinations, Vallejo contends, exposed him to a greater sentence than allowed under 18 U.S.C. § 922(g)(1)—the statute under which a jury found him guilty, prohibiting felons from possessing firearms.

A little context is helpful in analyzing this issue. Vallejo's sentence was the result of several steps. First, he was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); that conviction carried a maximum sentence of 10 years. Next, the sentencing judge found that Vallejo had also violated the ACCA; that Act states, in relevant part: "In the case of a person who violates [the felon in possession of a firearm statute] and has three previous convictions . . . for a violent felony or a serious drug offense . . . such person shall be fined not more than $25,000 and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e). At that point, the sentencing range to which Vallejo was exposed shifted from a maximum of ten years, to a range of fifteen years to life. Next, the sentencing judge found that Vallejo also qualified for a sentence enhancement under U.S.S.G. § 4B1.4(b)(3)(A) for possessing the firearms in connection with a crime of violence, which raised his sentence to a level 34, which is punishable by imprisonment of twenty-five years to life.

Allegations that the ACCA violates *Apprendi* violations are certainly not unfamiliar to this Court. We have consistently upheld the ACCA, noting that *Apprendi* does not require a jury to find the fact of a defendant's recidivism.

*See, e.g., United States v. Hendricks*, 319 F.3d 993, 1008 (7th Cir. 2003); *United States v. Morris*, 293 F.3d 1010, 1012-13 (7th Cir. 2002); *United States v. Skidmore*, 254 F.3d 635, 642 (7th Cir. 2001). Absent a new determination by the Supreme Court, we decline to revisit this thoroughly-considered area of the law.

Vallejo also argues, however, that his enhancement under the Sentencing Guidelines for possessing a firearm in connection with a crime of violence violates *Apprendi*. As noted above, that enhancement set his sentencing range at twenty-five years to life. While this presents a slightly more novel question, the argument is equally unpersuasive. After he was found in violation of the ACCA, the judge could have permissibly sentenced Vallejo to life in prison. The district court judge's subsequent finding that Vallejo possessed the firearms in connection with violent crimes increased his sentence range to twenty-five years to life imprisonment—this sentence falls within the range prescribed by 18 U.S.C. § 924(e). *Cf. Skidmore*, 254 F.3d at 643-44 (finding a judge could apply an enhancement under U.S.S.G. §§ 4B1.4(b)(3)(A) and (c)(2) that raised defendant's offense to level 34 for possession of a silencer for his gun in a case where the defendant was an "armed career criminal.") Since the application of the Sentencing Guidelines in issue here is dependant upon Vallejo first being found in violation of the Armed Career Criminal Act,[1] there is no violation of *Apprendi*.

## IV. Commerce Clause Arguments

Vallejo next presents a set of arguments concerning statutory violations of the Commerce Clause. U.S. CONST., art.

---

[1] U.S.S.G. § 4B1.4(a) applies only to "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) . . . ."

I, § 8. To be in accord with the Commerce Clause, a statute must regulate activities that substantially affect interstate commerce. *United States v. Lopez*, 514 U.S. 549, 559 (1995). Vallejo challenges the constitutionality of 18 U.S.C. § 922(g)(1), making it a crime for a felon to possess a firearm and 18 U.S.C. § 924(e), the ACCA. He also challenges the constitutionality of the Sentencing Guidelines. These arguments have been considered by this Court on numerous occasions. We review these constitutional challenges de novo. *Schaffner*, 258 F.3d at 678.

With regard to 18 U.S.C. § 922(g)(1), Vallejo argues that the mere possession of a firearm that, admittedly, once traveled in interstate commerce does not substantially affect interstate commerce. To fulfill its obligations under the Commerce Clause, 18 U.S.C. § 922(g) has a jurisdictional element—it states in relevant part: "It shall be unlawful for any person . . . who has been convicted . . . of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g). This Court, and our sister Circuits, have consistently held that, because of its jurisdictional element, 18 U.S.C. § 922(g) comports with the requirements of the Commerce Clause. *See, e.g., United States v. Bell*, 70 F.3d 495, 498 (7th Cir. 1995) (considering § 922(q) in light of *Lopez* and determining the jurisdictional element rendered the law valid); *United States v. Fleischli*, 305 F.3d 643, 653 (7th Cir. 2002) (determining § 922(g) does not violate the Commerce Clause, considered in the context of the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000)); *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003); *United States v. Thompson*, 361 F.3d 918, 922 (6th Cir. 2004); *United States v. Leathers*, 354 F.3d 955, 959 (8th Cir. 2004); *United States v. Dunn*, 345 F.3d 1285, 1297 (11th Cir. 2003). We decline at this time to

reconsider our Circuit's holding on this issue. Similarly, because Vallejo's violation of 18 U.S.C. § 922(g) is a necessary element of his violation of the ACCA, we also decline to review the validity of the ACCA at this time.[2]

Finally, Vallejo argues that U.S.S.G. § 4B1 violates the Commerce Clause because the commission of violent crimes does not affect interstate commerce. Vallejo would have us review a string of recent Supreme Court decisions stemming from *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000) that have found federal legislation unconstitutional for defining as criminal activity behavior that did not substantially affect interstate commerce. *Lopez*, 514 U.S. at 561-68 (holding that a federal law criminalizing possession of a firearm within a school zone violated the Commerce Clause); *Morrison*, 529 U.S. at 613-19 (declaring unconstitutional the Violence Against Women Act because regulation of gender-motivated crime does not substantially affect interstate commerce). We decline this invitation. The law is clear that, although the federal government must have a commerce nexus to pass criminal statutes (such as the one under which Vallejo was convicted), the government may prescribe a sentence for such violation without having to again show a commerce nexus. *United States v. Stowe*, 100 F.3d 494, 501 (7th Cir. 1996). Because Vallejo's enhancement was determined as part of his sentence, the government need not show a commercial nexus.

For all of the above-stated reasons, we AFFIRM the holdings of the district court.

---

[2]  18 U.S.C. § 924(e)(1) states: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense . . . such person shall be . . . imprisoned not less than fifteen years . . . ."

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*