**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ernest WILSON, Defendant–Appellant.**

No. 04–2144.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 2004.*

Decided Dec. 6, 2004.

James P. Fleissner, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Herb Goldberg, Goldberg & Associates, Highland Park, IL, for Defendant–Appellant.

Before POSNER, MANION, and EVANS, Circuit Judges.

---

* This appeal was scheduled for oral argument on November 2, 2004, but, after an examination of the briefs and the record, we conclud-ed that oral argument was unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Ernest Wilson conditionally pleaded guilty to being a felon in possession of a firearm, reserving for appeal the district court's denial of his motion to dismiss the indictment for lack of jurisdiction or insufficient evidence. He raises Commerce Clause and other constitutional challenges to the federal felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1). We affirm the district court.

Ernest Wilson had a previous conviction of attempted first degree murder when he conditionally pleaded guilty in the Northern District of Illinois to two counts of being a felon in possession of a firearm. Wilson possessed two firearms in Chicago, Illinois, which had, at some point in time, crossed state lines: each firearm was manufactured outside of Illinois. As a result of the plea, a third count, possessing a firearm with an obliterated serial number, 18 U.S.C. § 922(k), was dismissed.

The conditional plea allowed Wilson to appeal the district court's earlier denial of his motion to dismiss the indictment for lack of federal jurisdiction or insufficient evidence. In that motion, Wilson argued that § 922(g)(1), as well as § 922(k), were unconstitutional and that evidence merely showing the firearms traveled over state lines at some point in time is insufficient to prove an interstate commerce connection. The district court rejected Wilson's four constitutional arguments, ruling that (1) § 922(g)(1) and § 922(k) do not violate the Commerce Clause and that the crossing of state lines at some point in time is sufficient evidence that interstate commerce was substantially affected in this situation; (2) § 922(g)(1) and § 922(k) do not violate

the Tenth Amendment; (3) § 922(g)(1) does not violate equal protection principles; and (4) § 922(g)(1) does not violate the Second Amendment.

The district court then sentenced Wilson to 180 months of imprisonment and five years of supervised release on the two pending counts, with the sentences to be served concurrently. On appeal, Wilson challenges the denial of his motion to dismiss, continuing to press his claims that § 922(g)(1) violates the Commerce Clause and the Tenth Amendment as well as the equal protection component of the Fifth Amendment's Due Process Clause. Wilson has dropped his Second Amendment challenge, and § 922(k) is no longer at issue (even if it were, the resolution of the § 922(g)(1) challenges would also resolve the § 922(k) challenges).

■ We review Wilson's constitutional challenges de novo. *See United States v. Vallejo*, 373 F.3d 855, 860 (7th Cir.2004). We will first address Wilson's argument that § 922(g)(1) violates the Commerce Clause. The Commerce Clause gives Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. Section 922(g)(1) states: "It shall be unlawful for any person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).[2]

---

**2.** For reference purposes, § 922(k) states: "It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered, or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(k).

According to Wilson, Congress exceeded its Commerce Clause power in enacting § 922(g)(1), and, as a result, Wilson argues that § 922(g)(1) is unconstitutional. However, Wilson's arguments about the Commerce Clause in general and about the effect of recent Supreme Court cases on § 922(g)(1) have been repeatedly rejected. For instance, this court recently held:

On numerous occasions, we not only have rejected Commerce Clause challenges to 18 U.S.C. § 922(g), but also have rejected the specific argument presented by [the defendant]—that the Supreme Court's recent decisions in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (striking down Gun–Free School Zones Act as an invalid exercise of Congress' commerce power), *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (holding unconstitutional certain criminal provisions of the Violence Against Women Act as an invalid exercise of Congress' commerce power), and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) (holding that a private residence is not "used in" interstate commerce and therefore concluding that federal arson statute does not cover arson of a private residence), require us to reconsider our prior decisions upholding the constitutionality of § 922(g) against Commerce Clause challenges. *See, e.g., United States v. Fleischli,* 305 F.3d 643, 653 (7th Cir.2002); *United States v. Lemons,* 302 F.3d 769, 771–73 (7th Cir. 2002); *United States v. Mitchell,* 299 F.3d 632, 634–35 (7th Cir.2002); *United States v. Wesela,* 223 F.3d 656, 659–60 (7th Cir.2000). In short, we have recognized that the explicit jurisdictional nexus contained in § 922(g)—"in or affecting commerce" satisfies the Supreme Court's requirement that Congressional action have some connection to interstate commerce. *See Lemons,* 302 F.3d

at 771. Indeed, we have determined that nothing in *Lopez, Jones or Morrison* "casts doubt on the validity of § 922(g)." *Wesela,* 223 F.3d at 660. Accordingly, we conclude that [the defendant's] Commerce Clause challenge to § 922(g) is meritless.

*United States v. Keller,* 376 F.3d 713, 716–17 (7th Cir.2004); *see also Vallejo,* 373 F.3d at 860–61; *United States v. Gillaum,* 372 F.3d 848, 862 (7th Cir.2004). There is nothing more to say on the matter.

■ As for the Tenth Amendment, it provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Contrary to Wilson's suggestion, § 922(g)(1) does not violate the Tenth Amendment for two reasons. First, because, as discussed above, § 922(g)(1) "reflects a valid exercise of the federal power to regulate interstate commerce," Congress has not "intrud[ed]" upon an area of authority reserved to the States." *Gillespie v. City of Indianapolis,* 185 F.3d 693, 706 (7th Cir.1999). Second, § 922(g)(1) in no way commandeers the States or their officials in order to advance a federal mandate. *See id.* at 707–08.

■ Lastly, Wilson argues that § 922(g)(1) violates the equal protection component of the Fifth Amendment's Due Process Clause. The pertinent part of the Fifth Amendment mandates that no person "be deprived of life, liberty, or property, without due process of law," U.S. Const. amend. V, and this portion of the Fifth Amendment has been interpreted to include an equal protection component, *see Gillespie,* 185 F.3d at 708 (citing *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *Buckley v. Valeo,* 424 U.S. 1, 93, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976)). Wilson complains that, under § 922(g)(1), not all felons who possess fire-

arms are treated equally: those who possess firearms that have some connection to interstate commerce are subject to federal prosecution, while those who possess firearms that do not have a connection to interstate commerce are not subject to federal prosecution.

Under this court's precedent, Wilson's equal protection challenge is reviewed under the highly deferential rational basis standard. *See United States v. Jester,* 139 F.3d 1168, 1171 (7th Cir.1998). Which means, "the statute need only have a rational basis in order to satisfy the equal protection component of the Fifth Amendment's Due Process Clause." *Gillespie,* 185 F.3d at 709. "This standard is extremely respectful of legislative determinations and essentially means that we will not invalidate a statute unless it draws distinctions that simply make no sense." *Jester,* 139 F.3d at 1171.

Congress included the interstate commerce requirement in § 922(g)(1) so that the statute would survive the very Commerce Clause challenge discussed above, and such "tailoring [of] a federal statute to include an interstate commerce jurisdictional element so that it passes constitutional muster is a legitimate governmental purpose" that qualifies as a rational basis. *United States v. Robinson,* 290 F.Supp.2d 808, 820–21 (E.D.Mich.2003); *see also United States v. Manuel,* 64 Fed.Appx. 823, 827 (2d Cir.2003) ("The interstate commerce requirement of 18 U.S.C. § 922(g)(1) is jurisdictional in nature, which satisfies the Equal Protection Clause."). Additionally, this court, in addressing a similar equal protection challenge, has held that a satisfactory rational

basis was the federal government's need to "exclude from interstate commerce articles, [such as firearms,] the use of which in the states for which they are destined, may be injurious to the public health, morals and welfare of that state." *United States v. Weatherford,* 471 F.2d 47, 51–52 (7th Cir.1972).[3] Moreover, "the purpose of Congress in enacting this legislation was to eliminate firearms from the hands of [as many] criminals [as possible], while interfering as little as possible with the law abiding citizen." *Id.* For these reasons, the statutory discrimination of which Wilson complains does not violate the equal protection component of the Fifth Amendment's Due Process Clause.

Because Wilson's constitutional challenges are meritless, the district court correctly denied Wilson's motion to dismiss the indictment.

AFFIRMED.

---

**3.** In *Weatherford,* the defendants complained of "unreasonable classifications which tend to discriminate against persons because of the state in which they live." 471 F.2d at 51. The defendants' argument was based upon "the alleged wide disparity between the states

on the severity of punishment for essentially the same criminal act." *Id.* That is, some States treated certain criminal acts as misdemeanors while other States treated the same acts as felonies. This court had "no difficul-

ty" in rejecting the defendants' equal protection claim. *Id.* at 51–52.

