In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-3383

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAMMARO D. PERKINS, also known as
DEMARCO D. PERKINS, also known as
DEMARIO D. PERKINS, also known as
DEMARIO D. MORRIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 CR 30137—**David R. Herndon**, *Chief Judge*.

ARGUED SEPTEMBER 9, 2008—DECIDED NOVEMBER 13, 2008

Before BAUER, CUDAHY and WOOD, *Circuit Judges*.

BAUER, *Circuit Judge*.  An Illinois jury convicted
Defendant-Appellant Demmaro D. Perkins (Perkins) (also
known as Demarco D. Perkins, Demario D. Perkins, and
Demario D. Morris) of: (1) possession with intent to
distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1)
and (b)(1)(B); (2) possession with intent to distrib-

ute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); (3) possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1); and (4) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Perkins appeals his convictions, claiming evidence from his residence was unconstitutionally seized and the district court's decision to allow evidence of prior bad acts was improper pursuant to Federal Rule of Evidence 404(b). For the following reasons, we affirm.

## I. BACKGROUND

On September 27, 2004, Perkins was released from the custody of the Illinois Department of Corrections (IDOC), subject to a signed Parole or Mandatory Supervised Release Agreement. Pursuant to this agreement, Perkins was to comply with various provisions, including, but not limited to, visits and searches of his person and residence by IDOC agents. On subsequent occasions, Perkins tested positive for drug use.

On July 27, 2005, IDOC parole agents and other law enforcement officers conducted an assigned compliance check on Perkins's residence. During the search of one bedroom, the agents recovered crack cocaine from the top of a television, a digital scale under the bed, a plastic bag containing sixteen pieces of crack cocaine, four plastic bags containing marijuana, a box of plastic bags and $1,030 in cash. Perkins denies knowledge and ownership of the crack cocaine found in his residence.

In a different bedroom, the agents recovered a loaded .38 caliber revolver (with one round missing), and a box of .38 caliber and .25 caliber ammunition. Perkins was arrested. At the St. Clair County Jail, the authorities recovered crack cocaine from Perkins's pocket. Perkins claims that he simply found the crack cocaine near a jail cell and picked it up.

On September 27, 2006, Perkins moved to suppress all evidence recovered from the search of his residence; the district court denied the motion on December 15, 2006.

On May 9, 2007, Perkins was charged in a second superseding indictment with: (1) possession with intent to distribute 5 grams or more of cocaine base, in the form of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) possession with intent to distribute less than fifty kilograms of a mixture or substance containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); (3) possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1); and (4) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Perkins filed a motion *in limine* to exclude evidence that he was on parole on the date of the offenses charged. The government responded, and further provided notice that it might offer the following three convictions for cocaine-related offenses under Fed. R. Evid. 404(b): (1) unlawful possession of a controlled substance (less than fifteen grams of cocaine); (2) unlawful delivery of a controlled substance (less than one gram of cocaine); and (3) unlawful possession of a controlled substance (less

than fifteen grams of cocaine). Perkins objected on the grounds that the intended use of these convictions would unduly prejudice the jury by improperly suggesting his propensity to commit the crimes charged, as prohibited by Fed. R. Evid. 404(b). The district court ruled that it would allow the prior convictions for the sole purpose of establishing motive, intent, knowledge, and absence of mistake or knowledge. To limit any potential prejudicial effect, the district court took judicial notice of the prior convictions. The district court instructed the jury, at the time the evidence was received at trial, that the convictions could only be used for non-propensity purposes and must not be used to establish Perkins's propensity to commit the crimes charged. The district court noted that the probative value of the evidence clearly outweighed the prejudice to Perkins.

On the last day of trial, the government called Madison County Sheriff's Deputy Sergeant Dixon to testify regarding a 2002 arrest of Perkins that led to a 2003 conviction, one of the three prior convictions that had been judicially noticed by the district court.

Dixon testified that he witnessed Perkins place a piece of suspected crack cocaine in his mouth and refuse to spit it out. Over Perkins's objection, the district court allowed Dixon's testimony as highly probative of Perkins's knowledge of crack cocaine, and likewise of the absence of mistake or knowledge of Perkins's possession of crack cocaine at his residence and at the booking area.

The jury convicted Perkins on all counts. On October 1, 2007, the district court entered judgment and sentenced

Perkins to 210 months' imprisonment. This timely appeal followed.

## II. DISCUSSION

First, Perkins, a parolee, argues that the district court erred in denying his motion to suppress all evidence recovered from the search of his residence without reasonable suspicion. At oral argument, Perkins raised this issue and withdrew it in the face of *Samson v. California*, 547 U.S. 843 (2006); *see also People v. Wilson*, 228 Ill. 2d 35, 885 N.E.2d 1033 (2008).

Second, Perkins argues that the district court should not have allowed: (1) evidence concerning his three prior convictions for possession of cocaine-related offenses, and (2) Dixon's testimony regarding his 2002 arrest. The district court overruled Perkins's motion and admitted the evidence pursuant to Fed. R. Evid. 404(b). This court reviews a district court's decision to allow Rule 404(b) evidence only for an abuse of discretion. *United States v. Price*, 516 F.3d 597, 603 (7th Cir. 2008).

Rule 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove that a person acted in conformity with his prior conduct. In other words, Rule 404(b) plainly prohibits the government from introducing evidence of prior bad acts to show that the defendant's character is consistent with a propensity to commit the charged crime; however, it allows the court to admit evidence of a defendant's prior crimes for other permissible, non-propensity purposes, "such as

proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Fed. R. Evid. 404(b); *See also United States v. Emerson*, 501 F.3d 804, 812 (7th Cir. 2007).

In determining whether evidence of prior convictions is admissible, this court has combined the requirements of Fed. R. Evid. 404(b) and Fed. R. Evid. 403 to create a four-prong test. The evidence of the other act must: (1) be directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) show that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) be sufficient to support a jury finding that the defendant committed the similar act; and (4) have probative value that is not substantially outweighed by the danger of unfair prejudice. *Emerson*, 501 F.3d at 812.

On appeal, Perkins maintains that the government fails to establish the first, second, and fourth requirements. Perkins does not place the third requirement in issue as his prior convictions satisfy that prong. *See United States v. Best*, 250 F.3d 1084, 1092 (7th Cir. 2001). Perkins first argues that the Rule 404(b) evidence improperly establishes his propensity to commit the crimes charged. Next, Perkins argues that the "similar enough" prong fails as two of the three prior convictions are for different crimes than the charges at issue. Perkins also claims that the second prong fails because the temporal requirement has not been satisfied. Lastly, Perkins claims that the Rule 404(b) evidence offered against him unduly prejudiced the jury and was not substantially outweighed by its probative value. We disagree.

First, we conclude that the prior convictions and Dixon's testimony are probative of Perkins's knowledge of cocaine and crack cocaine, and were not intended to show a propensity to commit the crimes charged. Perkins admits to selling the marijuana found in his residence, but denies any knowledge of the crack cocaine found adjacent to the marijuana. Evidence of his prior convictions establish that Perkins has knowledge and familiarity with cocaine and crack cocaine. More importantly, Perkins's prior convictions are probative to establish his absence of mistake or knowledge of the crack cocaine recovered from his residence. Similarly, Dixon's testimony of Perkins's 2002 arrest, where he placed a piece of suspected crack cocaine in his mouth and refused to spit it out, is probative to rebut his claim of absence of knowledge regarding the crack cocaine found next to the marijuana he admits to selling.

By stating that the crack cocaine found in his residence could be his girlfriend's, Perkins impliedly denies his intent to distribute the drug. However, possession with intent to distribute cocaine base is a specific intent crime and this court has repeatedly held that "when a defendant is charged with a specific intent crime, the government may present other acts evidence to prove intent." *United States v. Curry*, 79 F.3d 1489, 1495 (7th Cir. 1996). Here, Perkins's three prior convictions and Dixon's testimony establish Perkins's knowledge of the respective value of even small quantities of cocaine, which is evidence of his intent to distribute. His 1998 and 2003 convictions for possession of less than fifteen grams of cocaine are probative of his knowledge that

even one gram has value. The 1.1 grams recovered at the St. Clair County Jail confirms his knowledge of the drug's distribution value in small quantities. This intent to distribute is further supported by Perkins's other 1998 conviction for delivery of less than one gram of cocaine. Delivering less than one gram is clearly probative to establish his intent to distribute the sixteen individual, one gram chucks of crack cocaine recovered from his bedroom. Although Perkins's conviction for unlawful delivery of cocaine involved less than one gram, evidence of that conviction is "probative with respect to the defendant's knowledge of the commercial value of even smaller amounts of the drug and therefore his intent to sell the lesser amount." *United States v. Jones*, 455 F.3d 800, 809 (7th Cir. 2006).

Next, we conclude that two convictions for possession of cocaine and one conviction for delivery of cocaine were substantially similar to the charged crime of possession with intent to distribute crack cocaine. *See United States v. Puckett*, 405 F.3d 589, 597 (7th Cir. 2005) (a prior conviction for distribution of crack cocaine is admissible where the charged act involves distribution of cocaine, as the distinction between the two is a distinction without substance); *See also United States v. Hernandez,* 84 F.3d 931, 935 (7th Cir. 1996) (a prior conviction for possession of marijuana was "similar enough" for Rule 404(b) purposes to charged crimes of distributing cocaine and heroin, even though different drugs were involved).

We also conclude that the prior convictions were close enough in time to be relevant to the charges in this

case as Perkins was convicted twice in 1998 and once in 2003. Perkins had routinely tested positive for narcotics in 2004 and 2005, and was ultimately arrested in 2005. The evidence does not suggest an isolated encounter with narcotics. Rather, it reflects on ongoing interaction between Perkins and narcotics for over seven years. When viewed in this light, the evidence of his knowledge with narcotics, in particular cocaine or crack cocaine, is sufficiently close in time to the charged conduct for purposes of Rule 404(b). *See United States v. Kreiser*, 15 F.3d 635, 640 (7th Cir. 1994) (seven years is close enough for purposes of Rule 404(b)).

Lastly, we conclude that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Since the prior convictions were similar to the charged offenses, this evidence was certainly prejudicial to Perkins in the sense that it played a role in establishing the case against him. However, "Rule 403 was never intended to exclude relevant evidence simply because it is detrimental to one party's case; rather, the relevant inquiry is whether any unfair prejudice from the evidence substantially outweighs its probative value." *United States v. Dennis*, 497 F.3d 765, 769 (7th Cir. 2007) (citing *United States v. Lloyd*, 71 F.3d 1256, 1265 (7th Cir. 1995). Here, the district court carefully and repeatedly instructed the jury of the evidence's limited purpose. *See United States v. James*, 487 F.3d 518, 525 (7th Cir. 2007) (absent any showing that the jury could not follow the court's limiting instruction, this court presumes that the jury limited its consideration of the testimony in accordance with the court's

instruction). As the record states, the district court read cautionary instructions to the jury prior to and after Perkins's convictions were introduced by judicial notice, instructing that the Rule 404(b) evidence could not be used to show propensity.

The district court prevented further danger of unduly prejudicing the jury by merely reciting the fact that the convictions have been entered against Perkins, along with their respective case number. Nothing more was judicially noticed.

Notably, the government properly states that the Rule 404(b) evidence was not presented at the trial's onset so as to risk unduly enticing the jury with prejudicial facts. Rather, the evidence concluded the government's case-in-chief only in a brief manner.

### III. CONCLUSION

The district court did not abuse its discretion in taking judicial notice of the prior convictions and allowing testimony of Perkins's 2002 arrest. Accordingly, we AFFIRM the district court.