**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2009
Decided December 23, 2009[*]

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 09-1176

| | |
|---|---|
| MARCELLA RICHMAN, as special administrator of the estate of Jack B. Richman, deceased, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> MICHAEL SHEAHAN, et al., <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 98 C 7350 <br><br> Joan B. Gottschall, <br> *Judge*. |

**O R D E R**

In 1997 Marcella Richman's son, Jack, a severely obese man, suffocated and died after deputy sheriffs used force in attempting to remove him from an Illinois state courthouse where he was resisting the officers and defying a judge's order to leave. After two earlier appeals to this court, *Richman v. Sheahan*, 512 F.3d 876 (7th Cir. 2008); *Richman v.*

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a); CIR. R. 34(f).

*Sheahan*, 270 F.3d 430 (7th Cir. 2001), the case finally went to trial on the claims that the officers violated Jack's rights under the Fourth and Eighth Amendments. A jury returned a verdict in favor of the defendants on all counts, and, after denying Richman's motion for a new trial under FED. R. CIV. P. 59(a), the district court entered judgment in their favor. On appeal Richman raises two arguments: The district court improperly admitted evidence of Jack's prior arrest, and the jury ignored what Richman describes as compelling evidence of liability on the Fourth Amendment claim.

We begin with the district court's decision to admit the evidence that Jack had been arrested once before. Richman testified that Jack had "never been treated as a criminal," and the defendants responded with evidence of a prior arrest during which he knew not to resist. The defendants' argue on appeal that Richman waived any challenge to the district court's admission of the arrest by failing to raise it in her Rule 59 motion, but this argument is frivolous. Richman preserved the evidentiary point by making a contemporaneous objection. *See* FED. R. EVID. 103(a)(1); *Wipf v. Kowalski*, 519 F.3d 380, 385 (7th Cir. 2008). Nonetheless, the district court's decision to admit evidence of Jack's prior arrest was not an abuse of discretion. *See United States v. Chavis*, 429 F.3d 662, 669 (7th Cir. 2005). Richman's testimony implied that Jack had never been arrested and thus did not know how to behave when restrained. The defendants' evidence that Jack had been arrested before, had gone quietly, and was not maltreated was probative to rebut Richman's contentions. *See United States v. Perkins*, 548 F.3d 510, 514 (7th Cir. 2008).

Richman's next argument on appeal–that the verdict in favor of defendants was unreasonable as a matter of law–fares no better. After the second appeal, we remanded this case for a trial precisely because the evidence could support a verdict for either side. Because the evidence in this case "was sufficient to pave a rational path to the jury's finding," *Davis v. Wisconsin Dep't of Corrections*, 445 F.3d 971, 976 (7th Cir. 2006), Richman is not entitled to judgment as a matter of law.

AFFIRMED.